IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:08-CR-32-BR
NO. 4:11-CV-44-BR

| | |
|---|---|
| DARIO MENDOZA-MENDOZA, ) | |
| Petitioner ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA ) | |
| Respondent. ) | |

This matter is before the court on the government's motion to dismiss petitioner's motion filed under 28 U.S.C. § 2255. Petitioner filed a response in opposition to the government's motion.

In July 2008, petitioner pled guilty to one count of being an alien previously deported and removed, such previous deportation and removal being subsequent to a conviction for commission of an aggravated felony, found in the United States without having obtained advance consent of the Attorney General, in violation of 8 U.S.C. § 1326(a), (b)(2). In October 2008, the court sentenced petitioner to 46 months' imprisonment, after having found that petitioner's two prior felony convictions qualified as "crimes of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii).[1] Petitioner appealed. In March 2010, the Fourth Circuit Court of Appeals vacated petitioner's sentence and remanded for re-sentencing. In May 2010, the court re-sentenced petitioner to 46 months' imprisonment. Petitioner appealed the reasonableness of this sentence. In February 2011, the Fourth Circuit Court of Appeals affirmed. Petitioner filed a

---

[1] Under this guideline, the base offense level is increased by 16 levels "[i]f the defendant previously was deported, or unlawfully remained in the United States, after– (A) a conviction for a felony that is . . . (ii) a crime of violence . . . ." U.S.S.G. § 2L1.2(b)(1) (2007). The term "crime of violence" is defined as "any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." Id., App. N. 1(B) (2007).

petition for a writ of certiorari. On 21 March 2011, petitioner filed the instant petition. On 27 June 2011, the Supreme Court denied the petition for a writ of certiorari.

The government claims that petitioner has failed to state claims upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On such a challenge,

> a court must determine whether the [motion] is legally and factually sufficient. A court need not accept a [habeas motion's] legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the [habeas motion] by reference, and matters of which a court may take judicial notice."

Santos-Rodriguez v. Revell, No. 5:09-HC-2115-D, 2011 WL 1791650, at *1 (E.D.N.C. May 10, 2011) (citations omitted).

First, petitioner claims that the court improperly relied on the probation officer's representation in the presentence report ("PSR") that petitioner had been convicted previously of two felony counts of indecent liberties with a child in North Carolina state court.[2] (Pet., DE # 46, at 5.) Petitioner faults the probation officer for failing to identify the statute of conviction or to provide any documentation in support of the convictions. (Id.; Resp., DE # 56, at 26.) He contends that, because the North Carolina statute penalizes some conduct which does not qualify as a crime of violence, his substantial rights were affected by the court's error in relying on the probation officer's representation of the convictions. (Pet., DE # 46, at 5.)

It is true that at sentencing, the court did not have a copy of petitioner's state court judgment of conviction. Nonetheless, the probation officer, as well as defense counsel, referenced the statute of conviction, N.C. Gen. Stat. § 14-202.1. (See PSR Addendum; Sent.

---

[2] With all claims petitioner raises in his § 2255 motion, he asserts that he did not raise the issue on appeal due to ineffective assistance of appellate counsel. Setting aside the issue of any ineffectiveness of appellate counsel, the court addresses the merits of each claim (except the fifth claim which petitioner did raise on appeal). Obviously, if a claim is meritless, appellate counsel was not ineffective for failing to raise the issue on appeal.

Mem., DE # 18, at 6.)  Pursuant to this statute,

> [a] person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:
> (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or
> (2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

N.C. Gen. Stat. § 14-202.1(a).

Petitioner does not deny that, as set forth in the PSR ¶ 3, between 1 April 2004 and 1 May 2004, he, age 24 at the time, engaged in lewd and lascivious acts and vaginal intercourse with a minor, age 14 at the time. In addition, petitioner does not claim that he was not convicted of indecent liberties with a minor. Similarly, although defense counsel objected to the convictions qualifying as "crimes of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii), counsel did not object to the fact of the convictions. While petitioner claims that the North Carolina indecent liberties statute may encompass conduct that does nor qualify as a "crime of violence," he has not shown that his convictions involved such conduct, and as such, he is not entitled to relief on this claim. See United States v. Salas, 372 Fed. Appx. 355, 356 (4th Cir. 2010) (relying on United States v. Diaz-Ibarra, 522 F.3d 343 (4th Cir. 2008), to hold that North Carolina's felony indecent liberties with a child statute is a "crime of violence," specifically falling under the category of "sexual abuse of a minor," and rejecting defendant's direct challenge to his sentence where he had not shown there was "a realistic probability that his offense involved conduct that is outside the categorical definition of 'sexual abuse of a minor' adopted in *Diaz-Ibarra*.").

Second, petitioner claims that his counsel was ineffective. The applicable legal standard for such a claim is well established. Under the principles of Strickland v. Washington, 466 U.S. 668 (1984):

> a meritorious ineffective assistance claim must demonstrate two
> things: first, that counsel's performance was deficient and, second,
> that counsel's deficient performance prejudiced the defense. Under
> the second prong of *Strickland*'s test, there is a "strong
> presumption" that counsel's strategy and tactics fall "within the
> wide range of reasonable professional assistance." For counsel's
> trial performance to be deficient, he must have "made errors so
> serious that counsel was not functioning as the 'counsel' guaranteed
> the defendant by the Sixth Amendment," and that "counsel's
> representation fell below an objective standard of reasonableness."
> To establish prejudice, a defendant must show that "there is a
> reasonable probability that, but for counsel's unprofessional errors,
> the result of the proceeding would have been different." Under
> *Strickland,* a reasonable probability is a "probability sufficient to
> undermine confidence in the outcome." Furthermore, and of
> importance here, in conducting the ineffectiveness inquiry, "a
> court need not determine whether counsel's performance was
> deficient before examining the prejudice suffered by the
> defendant."

Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 1104 (2002).

Petitioner makes only general, conclusory allegations about counsel's performance. (See Pet., DE # 46, at 6.) Petitioner has not alleged any factual support for his claim of ineffective assistance of counsel, and therefore, he has failed to state a claim for habeas relief. See Wagner v. United States, 377 F. Supp. 2d 505, 509 (D.S.C. 2005) ("'[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.'" (quoting Green v. Johnson, 160 F.3d 1029, 1042 (5th Cir. 1998) (alteration in original)).

Third, petitioner claims that his "presumed conviction for simple indecent liberty did not qualify as an aggravated felony" under the reasoning of Carachuri v. Holder, 130 S. Ct. 2577 (2010). (Pet., DE # 46, at 7.) A person may be subject to an enhanced penalty for violating 8 U.S.C. § 1326(a) if his removal from this country was subsequent to a conviction for commission of an "aggravated felony." 8 U.S.C. § 1326(b)(2). The definition of "aggravated felony" includes "sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A).

The Carachuri decision has no application here. At issue in that case was whether the defendant had been convicted of the "aggravated felony" of a "drug trafficking crime," an issue which turned on whether the defendant had been convicted of a crime for which the maximum term of imprisonment authorized exceeds one year. See Carachuri, 130 S. Ct. at 2581. At issue here is whether petitioner had been convicted of the "aggravated felony" of "sexual abuse of a minor."

> The provision defining "sexual abuse of a minor" as an "aggravated felony" imposes no additional requirement that the sentence for that crime be of any particular duration in order for the crime to qualify as an aggravated felony. 8 U.S.C. § 1101(a)(43)(A). Other crimes defined as "aggravated felonies" under 8 U.S.C. § 1101(a)(43), however, do impose such a requirement. *See, e.g.*, 8 U.S.C. § 1101(a)(43)(F) (defining a "crime of violence . . . for which the term of imprisonment [is] at least one year" as an aggravated felony); *id.* § 1101(a)(43)(G) (defining "a theft offense . . . or burglary offense for which the term of imprisonment [is] at least one year" as an aggravated felony).

Singh v. Keisler, 255 Fed. Appx. 710, 714 n.2 (4th Cir. 2007) (omissions and alterations in original). Because the duration of any sentence petitioner received for the indecent liberties conviction is irrelevant, Carachuri offers petitioner no avenue for relief.

Fourth, petitioner contends that a prior aggravated felony conviction is an element of an offense under 8 U.S.C. § 1326(b)(2), rather than a sentencing enhancement. (Pet., DE # 46, at 8.) Petitioner recognizes, however, that the decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), forecloses this claim. (See id.; Resp., DE # 56, at 10, 23-25.) In that case, the Court held that § 1326(b)(2) is a penalty provision and does not define a separate crime which would require the government to charge the prior conviction in the indictment. Almendarez-Torres, 523 U.S. at 226-27. The Court's subsequent decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 543 U.S. 220 (2005), did not overrule this

5

holding. United States v. Cheek, 415 F.3d 349, 351-52 (4th Cir. 2005). Petitioner is not entitled to relief on this claim.

Fifth, petitioner raises a claim concerning the reasonableness of his sentence under 18 U.S.C. § 3553(a). (Pet., DE # 46, at 9-10.) The Fourth Circuit Court of Appeals considered this argument on direct appeal of petitioner's re-sentencing, and petitioner cannot raise it now as a basis for habeas relief. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (recognizing that a petitioner cannot "recast, under the guise of collateral attack, questions fully considered by this court").

Finally, the court notes petitioner appears to assert an additional claim for relief in his response to the motion to dismiss. Petitioner contends that the court violated Federal Rule of Criminal Procedural 11 and petitioner's "trial rights" under Boykin v. Alabama, 395 U.S. 238 (1969), resulting in his plea being involuntary. (Resp., DE # 56, at 11-20.) Petitioner did not raise this claim in his § 2255 motion, and he has not moved to amend his claims. As such, the court is not required to consider it. However, even if petitioner had filed a motion to amend, the court would deny it as futile because this potential claim is without merit. A review of the transcript from petitioner's plea hearing reveals that the court complied with Rule 11, and petitioner's plea was knowing and voluntary.[3] (See 7/7/08 Tr., DE # 26.)

In sum, petitioner is not entitled to relief on any claim. The government's motion is ALLOWED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of

---

[3]Boykin concerns the voluntariness of guilty pleas in state courts. See St. Clair v. Cox, 312 F. Supp. 168, 169 (W.D. Va. 1970) ("The effect of Boykin is to impose on the state courts similar standards as those imposed on the federal courts by Rule 11, Federal Rules of Criminal Procedure.").

6

appealability is DENIED.

This 30 August 2011.

                                              W. Earl Britt
                                              Senior U.S. District Judge